UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| TERRY MICHAEL PUTNAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:17-CV-00104-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| SHELBY COUNTY, KENTUCKY, et al., | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |

*** *** *** ***

Terry Michael Putnam is an inmate confined at the Blackburn Correctional Complex in Lexington, Kentucky. Proceeding without an attorney, Mr. Putnam has filed a civil rights complaint against prison officials under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. [R. 1; R. 3.] The Court has reviewed the fee motion and will grant the request on the terms established by 28 U.S.C. § 1915(b). Because Mr. Putnam has been granted *pauper* status in this proceeding, the $50.00 administrative fee is waived. District Court Miscellaneous Fee Schedule, § 14.

The Court must conduct a preliminary review of Mr. Putnam's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470–71 (6th Cir. 2010). When testing the sufficiency of his complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and

liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437–38 (6th Cir. 2012).

Mr. Putnam's claims arise from his incarceration at two different facilities—the Shelby County Jail and the Oldham County Jail.[1] In his complaint, Mr. Putnam alleges that, although he was initially arrested in Shelby County and booked into the Shelby County Jail, he was immediately transferred to the Oldham County Jail. He was housed in the Oldham County Jail from January 6, 2016 until approximately August 1, 2016. Mr. Putnam alleges that, while he was housed in the Oldham County Jail, he was improperly placed in solitary confinement and was refused access to both a medical doctor and a psychiatrist. He alleges that these actions constitute violations of his Eighth Amendment right to be free from cruel and unusual punishment.

Mr. Putnam further alleges that he was transferred back to the Shelby County Jail on September 2, 2016, where he remained until approximately June 28, 2017. Mr. Putnam alleges that he was again refused access to both a medical doctor and a psychiatrist by officials at the Shelby County Jail. He alleges that these actions constitute additional violations of his Eighth Amendment right to be free from cruel and unusual punishment.

As an initial matter, Mr. Putnam has improperly joined the Shelby County claims and the Oldham County claims in one action. The joinder of multiple claims is governed by Rule 18 of the Federal Rules of Civil Procedure. Rule 18(a) states that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as

---

[1] For ease of reference, the Court will collectively refer to the claims against Shelby County, Kentucky, the Shelby County Jail, and Bobby Waits (identified as the Jailer of the Shelby County Jail), as the "Shelby County" claims and/or the claims against the "Shelby County" defendants. The claims against Oldham County, Kentucky, the Oldham County Jail, Mike Simpson (identified as the Jailer of the Oldham County Jail), Jessica Childress (identified as the Deputy Jailer of the Oldham County Jail), and Jeff Tindall (identified as Major, Oldham County Jail) will be collectively referred to as the "Oldham County" claims and/or the claims against the "Oldham County" defendants.

many claims as it has against an opposing party." Where, as here, a plaintiff attempts to join claims against multiple defendants, Rule 20(a) provides the governing rule:

> (2) Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2)(emphasis added). Thus, under the plain language of Rule 20(a)(2), joinder is appropriate only if both requirements are met: (1) the plaintiff's claims arise from the "same transaction, occurrence, or series of transactions or occurrences;" *and* (2) "any question of law or fact common to all defendants will arise in the action." *Id*.

The allegations in Mr. Putnam's complaint set forth Eighth Amendment Claims against the Oldham County Defendants arising from Mr. Putnam's confinement in the Oldham County Jail and a separate Eighth Amendment claim against the Shelby County Defendants arising from his confinement in the Shelby County Jail. However, there is no factual overlap between Mr. Putnam's Oldham County and Shelby County claims. Rather, these facilities are separate facilities with separate staff and procedures. Moreover, whether or not Mr. Putnam was denied access to medical care by the Oldham County officials has no relevance as to whether or not he was also denied access to medical care by the Shelby County officials. For all of these reasons, Mr. Putnam's Oldham and Shelby County claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences.

To be sure, Mr. Putnam does allege that he was denied medical treatment at both the Shelby County Jail and the Oldham County Jail. Although these claims are based on the same legal theory, they are completely separate and independent claims. Indeed, "the test for joinder

3

is not whether claims arise from the same source of law." *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 600 (E.D. Ky. 2011). Accordingly, Putnam's Oldham County claims are not properly joined with his Shelby County claims. *George v. Smith*, 507 F. 3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits...").

Rule 21 of the Federal Rules of Civil Procedure provides that "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Under this Rule, the Court "has broad discretion 'to order a severance to avoid causing unreasonable prejudice and expense to the defendant ... and to avoid great inconvenience in the administration of justice.'" *Proctor v. Applegate*, 661 F. Supp. 2d 743, 781 (E.D. Mich. 2009)(quoting *Nail v. Michigan Dep't of Corrections*, 2007 WL 4465247, *3 (E.D. Mich. 2007)(alterations in original). After carefully considering the issues and weighing its options under Rule 21, the Court concludes that the most economical and just manner in which to proceed is to sever Mr. Putnam's Eighth Amendment Claims against the Shelby County defendants from his unrelated claims against the Oldham County Defendants.

However, adding another wrinkle to this case, Mr. Putnam's Oldham County claims are not properly filed in this district. A plaintiff must file a civil rights action in a district where one defendant resides if all defendants reside in the same state, or in a district where a substantial part of the relevant events occurred. 28 U.S.C. § 1391(b). While the Shelby County claims were properly filed in this district, the events giving rise to the Oldham County claims occurred in Oldham County, Kentucky, which is located in the Louisville division of the Western District of Kentucky, LR 3.1(b)(3); 28 U.S.C. § 97(b). Therefore, the Oldham County claims should have been filed in the Western District of Kentucky, Louisville Division.

When a lawsuit is filed in the wrong district, the court may either dismiss the case or transfer it to the proper district. 28 U.S.C. § 1406(a). Typically, in the interests of justice, and for the convenience of parties and witnesses pursuant to 28 U.S.C. § 1404(a), the Court would simply transfer this action to the proper district for further review. However, "the plain language of section 1404(a) authorizes only the transfer of an entire action, not the transfer of individual claims within an action." *In re Brand-Name Prescription Drugs Antitrust Litig.*, 264 F. Supp. 2d 1372, 1377 (J.P.M.L. 2003)(citations omitted). Thus, "[a] court acting under section 1404(a) may not transfer part of a case while maintaining jurisdiction over another part." *Id*. *See also Coast to Coast Health Care Services, Inc. v. Meyerhoffer*, No. 2:10-CV-734, 2012 WL 169963, at *7 (S.D. Ohio Jan. 19, 2012) ("This Court does not have the authority or ability to parse or bifurcate this action, transferring some, but not all, of the case to [a different judicial district].")

Here, Mr. Putnam's Shelby County claims arose in Shelby County, Kentucky, which is located in this judicial district. Thus, the Court retains jurisdiction over these claims. Accordingly, the Court's only choice is to dismiss Putnam's Oldham County claims, without prejudice. If Mr. Putnam wishes to pursue these claims, he may do so in the Louisville Division of the Western District of Kentucky.

Turning to Mr. Putnam's remaining claims against the Shelby County defendants, Putnam's allegations against these defendants are that, while he was incarcerated in the Shelby County Jail, he was refused access to a physician and a psychiatrist, although he requested to see both on several occasions. [R. 1 at 8.] He claims that he was told that his requests were refused because Shelby County would not pay for such visits. *Id*.

Although Mr. Putnam has named the Shelby County Jail as a defendant, the jail itself is not a suable entity apart from the county that operates it. *Lambert v. Hartman*, 517 F.3d 433,

5

439–40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Thus, the Court will dismiss the Shelby County Jail as a Defendant and construe Mr. Putnam's claim as a claim against Shelby County, which he has also named as a Defendant.

However, the Court finds that Mr. Putnam's Shelby County claims warrant a response from the remaining Defendants. Because Mr. Putnam is proceeding *in forma pauperis*, the United States Marshals Service ("USMS") will serve the summons and Complaint on Mr. Putnam's behalf. Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d).

Finally, the Court notes that Mr. Putnam has filed a motion seeking to amend his complaint to add new claims alleging due process violations and adding a new defendant, Southern Health Partners, identified only as "nursing staff." [R. 6.] However, Mr. Putnam did not draft or tender an amended complaint, without which the Court cannot assess the nature or viability of the new claims he wishes to include. It is for this reason that a party seeking an amendment must attach a copy of the proposed amended complaint. See *Shillman v. United States*, 221 F. 3d 1336, 2000 WL 923761, at \*6 (6th Cir. 2000). Thus, Mr. Putnam's motion to amend his complaint will be denied without prejudice.

Accordingly, **IT IS ORDERED** that:

1. Mr. Putnam's motion to proceed *in forma pauperis* [**R. 3**] is **GRANTED**. Section 1915(b)(1) requires a prisoner-plaintiff to pay the $350.00 filing fee for a civil action as set forth below;

2. Within twenty-eight (28) days, Putnam must pay **$9.49** to the Clerk of the Court as an initial partial filing fee. 28 U.S.C. § 1915(b)(1)(A);

3. The Clerk of the Court shall open an account in Mr. Putnam's name for receipt of the filing fee. The Clerk shall complete a Notice of Payment Form (Form EDKY 525) with (a) Mr. Putnam's name, (b) his inmate registration number, and (c) this case number. The Clerk shall serve a copy of this Order and the Notice of Payment Form upon the Jailer/Warden of the institution in which Mr. Putnam is currently confined and upon the Office of the General Counsel for the Department of Corrections in Frankfort, Kentucky;

4. After the initial partial filing fee is paid, each month Mr. Putnam's custodian shall send the Clerk of the Court a payment in an amount equal to 20% of his income for the preceding month out of his inmate trust fund account, but only if the amount in the account exceeds $10.00. The custodian shall continue such monthly payments until the entire $350.00 filing fee is paid. 28 U.S.C. § 1915(b)(2).

5. Mr. Putnam's claims against Oldham County, Kentucky, the Oldham County Jail, Mike Simpson, Jessica Childress and Jeff Tindall and **DISMISSED WITHOUT PREJUDICE**. Oldham County, Kentucky, the Oldham County Jail, Mike Simpson, Jessica Childress and Jeff Tindall are **DISMISSED AS PARTIES**;

6. Putnam's claims against the Shelby County Jail is **DISMISSED** and the Shelby County Jail is **DISMISSED AS A PARTY**;

7. Putnam's Motion to Add a Party Defendant [**R. 6**] is **DENIED WITHOUT PREJUDICE**;

8. The Frankfort Deputy Clerk **SHALL PREPARE** three (3) "Service Packets" for service upon Defendants Shelby County, Kentucky and Jailer Bobby Waits. Each Service Packet shall include:

    a. a completed summons form;

      b. the complaint [R. 1];

      c. this Order; and

      d. a completed USM Form 285;

    9. The Frankfort Deputy Clerk shall send the Service Packets to the USMS in Lexington, Kentucky and note the date of delivery in the docket;

    10. The USMS shall personally serve a Service Packet upon Defendant Jailer Bobby Waits at the Shelby County Detention Center, 1000 Bobby Waits Lane, Shelbyville, Kentucky 40065;

    11. The USMS shall serve Defendant Shelby County, Kentucky, by personally serving Service Packets upon Shelby County Judge Executive Dan Ison at 419 Washington Street, Shelbyville, Kentucky 40065, and by personally serving Shelby County Attorney Hart Megibben at 501 Main Street, Suite 10, Shelbyville, Kentucky 40065;

    12. Mr. Putnam **MUST ADVISE** the Clerk's Office immediately of any change in his or her current mailing address. **Failure to do so may result in dismissal of this case**;

    13. If Mr. Putnam wishes to seek relief from the Court, he must do so by filing a formal motion sent to the Clerk's Office. Every motion Mr. Putnam files must include a written certification that he has mailed a copy of it to the Defendants or their counsel and state the date of mailing. **The Court will disregard letters sent to the judge's chambers or motions lacking a certificate of service.**

This the 31st day of May, 2018.

Gregory F. Van Tatenhove
United States District Judge